UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-mj-8511-RMM

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

SHELDON CORNELL DUNCOMBE,

                Defendant.

_____/

FILED BY **SP** D.C.

Oct 3, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

    Yes     X No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

    Yes     X No

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

    Yes     X No

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: /s/ John C. McMillan
JOHN C. McMILLAN
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Office: (561) 820-8711
John.mcmillan@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>SHELDON CORNELL DUNCOMBE,<br><br>Defendant(s) | Case No. 24-mj-8511-RMM<br><br>FILED BY ___SP___ D.C.<br>Oct 3, 2024<br>ANGELA E. NOBLE<br>CLERK U.S. DIST. CT.<br>S. D. OF FLA. - West Palm Beach |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __10/01/2024__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC §§ 952(a), 960(a)(1), 960(b)(2)(G) and 963 | Attempted Unlawful Importation of a Controlled Substance; and |
| 8 USC § 1326(a) & (b)(2) | Attempted Reentry of an Illegal Alien (Prior Aggravated Felon). |

This criminal complaint is based on these facts:

Please refer to the accompanying Affidavit

☑ Continued on the attached sheet.

JOSHUA J WOODBURY
Digitally signed by JOSHUA J WOODBURY
Date: 2024.10.03 18:03:16 -04'00'

*Complainant's signature*

Joshua Woodbury, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/3/24

*Judge's signature*

City and state: West Palm Beach, Florida

Ryon M. McCabe, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### Case No. 24-mj-8511-RMM

I, Joshua Woodbury, first being duly sworn, does hereby depose and state as follows:

1. I am a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI") and have been so employed since June 2008. Prior to my employment with HSI, I worked as a United States Customs Inspector for six and a half years. As part of my duties and responsibilities as an HSI Special Agent, I have become familiar with the criminal offenses set forth in Title 8, 18, 19, and 21 of the United States Code, as well as the Immigration and Nationality Act. Moreover, I have conducted investigations involving human smuggling, drug smuggling and their related criminal activity and have become familiar with the methods and schemes employed by individuals who smuggle persons, merchandise and narcotics into the United States.

2. The facts set forth in this affidavit are based on my personal knowledge, information obtained from others, including other law enforcement officers, my review of documents, pictures, GPS data, text messages and computer records. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a criminal Complaint, I have not included each and every fact known to me and law enforcement, rather, I have included only those facts necessary to establish probable cause to believe that, on or about October 1, 2024, defendant Sheldon Cornell DUNCOMBE (DUNCOMBE), an alien who has been previously removed from the United States did attempt to reenter the United States after a prior conviction for an aggravated felony, in violation of Title 8, United States Code, Section 1326(a) and (b)(2), as well as the attempted smuggling of approximately net 224 kilograms of marijuana, a Schedule I controlled substance, into the United States in violation of Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(2)(G) and 963.

## PROBABLE CAUSE

3. On October 1, 2024, a United States Customs and Border Protection (CBP) multirole enforcement aircraft (MEA) launched out of Homestead Airbase to conduct maritime border security patrols. During the patrol the crew of the MEA detected a dual outboard vessel with no visible lights travelling in a westerly course towards the United States with two persons visible onboard. The vessel, which appeared bow heavy, was approximately 16 nautical miles due east of Boca Raton, Florida, heading westbound at approximately 12 knots. The crew of the MEA alerted CBP marine patrol unit M842 out of West Palm Beach of the target of interest and provided information for the course of intercept. While maintaining covert surveillance of the vessel the MEA watched the vessel cross into the Customs Territorial waters of the United States and at approximately 10 nautical miles, within the Special Maritime and Territorial Jurisdiction of the United States, the crew of M842 with lights and sirens energized was able to intercept the vessel.

4. While boarding the suspect vessel, to conduct a safety and U.S. Customs and Immigration inspection, Marine Interdiction Agent (MIA) Ryan Haines of M842 immediately smelled marijuana emanating from the interdicted vessel, based on his training and prior experience. MIA Haines asked DUNCOMBE (who he had observed driving the vessel) if anyone else was onboard the vessel except a Bahamian female, to which DUNCOMBE responded in the negative. Upon opening of the forward cabin hatch MIA Haines observed approximately 10 duffel bags in plain view, which when opened revealed multiple tightly wrapped packages consistent with narcotics trafficking. A package was thereafter opened and observed to contain marijuana, again based on MIA Haines's training and experience. Defendant DUNCOMBE and his female passenger were taken into custody and transferred to a United States Coast Guard (USCG) Cutter for biometrics and identification.

5. All ten duffel bags as well as the vessel were transported to USCG Station Lake Worth, located in Riviera Beach, Florida where the suspected narcotics were taken to United states Border Patrol (USBP) for field testing as well as approximate weight. All ten duffel bags contained multiple varying packages in weight and shape of suspected marijuana, which tested positive for the presence of marijuana using a field test kit.

6. On October 2, 2024, defendant DUNCOMBE was transported from the USCG Cutter and thereafter first brought and landed at the USCG Lake Worth Inlet Station, which I know to be located in Riviera Beach, Palm Beach County, Southern District of Florida, and then transported to the USBP station located in Riviera Beach, Florida, for processing. During the search of law enforcement databases, it was discovered that DUNCOMBE a citizen and national of the Bahamas has had several prior convictions for felonies within the United States, to include a conviction on June 29, 2007, in the United States District Court for the Southern District of Florida, Case No. 07-20079-CR-ALTONAGA for conspiracy to possess with intent to distribute 5 kilograms or more of a substance testing positive for cocaine in violation of Title 21, United States Code, 846. United States Immigration Records establish that subsequent to the completion of his sentence, defendant DUNCOMBE was removed from the United States as an aggravated felon on or about October 6, 2020, from Miami Florida, back to the Bahamas.

7. On October 3, 2024, Homeland Security Investigations conducted an audio and video recorded post-*Miranda* interview of DUNCOMBE, during which he admitted to leaving Freeport, Bahamas in the early afternoon of October 1, 2024, destined to the Fort Lauderdale area. DUNCOMBE admitted to the smuggling of the marijuana and that he was to be paid $5,000 once he delivered the vessel to the Fort Lauderdale area.

8. Based on the foregoing, I submit that probable cause exists to believe that, on or about October 1, 2024, defendant Sheldon DUNCOMBE did attempt to enter the United States after being previously removed for an aggravated felony in violation of Title 8, United States Code, Section 1326(a) and (b)(2), as well as did attempt to smuggle into the United States approximately 224 kilograms of marijuana, in violation of Title 8, United States Code, Sections 952(a), 960(b)(2)(G), and 963.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

JOSHUA J WOODBURY
Digitally signed by JOSHUA J WOODBURY
Date: 2024.10.03 18:04:23 -04'00'

Joshua Woodbury
Special Agent
Homeland Security Investigations

ATTESTED TO ME TELEPHONICALLY
(VIA FACETIME) BY THE APPLICANT
IN ACCORDANCE WITH THE REQUIREMENTS
OF FED. R. CRIM. P. 4.1 THIS __3__
DAY OF OCTOBER, 2024.

HON. RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Sheldon Cornell DUNCOMBE

**Case No**: 24-mj-8511-RMM

**Count # 1**
**Attempted Importation of a Controlled Substance**
**Title 21, United States Code, Sections 952(a), 960(a)(1), 960(b)(2)(G), 963**
* **Max. Term of Imprisonment:** 40 years
* **Mandatory Min. Term of Imprisonment (if applicable):** 5 years
* **Max. Supervised Release:** 4 years to life
* **Max. Fine:** $5,000,000.00
* **Special Assessment:** $100.00
* **Immigration consequences of removal (deportation) from the United States upon conviction**

**Count # 2**
**Reentry After Deportation (Prior Aggravated Felon)**
**Title 8, United States Code, Sections 1326(a) and 1326(b)(2)**
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** not applicable
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000.00
* **Special Assessment**: $100.00
* **Immigration consequences of removal (deportation) from the United States upon conviction**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 24-mj-8511-RMM

### BOND RECOMMENDATION

DEFENDANT: Sheldon Cornell DUNCOMBE

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: John C. McMillan

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s): H.S.I. Special Agent Joshua Woodbury
(FBI)  (SECRET SERVICE)  (DEA)  (IRS) (ICE) (**OTHER**)